IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:03-CR-00077-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DANNY L. BLACKMON, | ) | |
| Defendant. | ) | |

This matter is before the court on Danny L. Blackmon's pending motions [DE-126, -127, -128]. In his motions, Blackmon identifies several errors with his sentence.

Because Blackmon is attacking the validity of his sentence, the appropriate avenue to bring this challenge is by way of a § 2255 motion.[1] To the extent that Blackmon seeks to file a § 2255 motion, he must file it on the appropriate form. The Clerk of Court hereby is DIRECTED to send another copy of the appropriate § 2255 form to Blackmon. If Blackmon elects to pursue a § 2255 motion, he should **include all of his claims on one form** and send the original of the § 2255 form to:

Clerk of Court
United States District Court, E.D.N.C.
ATTN: Prisoner Litigation Division
P.O. Box 25670
Raleigh, North Carolina 27611

SO ORDERED.

This 22 day of February, 2017.

JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Title 28, United States Code, Section 2255 states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).