IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:03-CR-77-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| DANNY L. BLACKMON | ) | |
| | ) | |

This cause comes before the Court on defendant's two motions seeking a correction to the presentence investigation report ("PSR") under Rule 36 of the Federal Rules of Criminal Procedure. [DE 136, 145]. Defendant also filed a motion for extension of time. [DE 146]. The government has responded, [DE 142], defendant has replied, [DE 147], and the matter is ripe for disposition.

## BACKGROUND

On August 13, 2003, the Grand Jury returned a five-count indictment against defendant charging him with kidnapping and sexual assault. After trial, a jury found defendant guilty of kidnapping in violation of 18 U.S.C. § 1201.

The base offense level for this charge was thirty-two. Defendant's PSR recommended a two-level enhancement because the victim sustained serious bodily injury, a two-level enhancement because a dangerous weapon was used, a two-level enhancement for perjury, and a six-level enhancement because the victim was sexually exploited. Defendant filed several objections, including an objection to the six-level enhancement for sexual exploitation. At sentencing, Senior Judge Fox sustained only the objection to the six-level enhancement for sexual exploitation. With the other enhancements, defendant's offense level became thirty-eight. With a criminal history category III, defendant's guideline sentencing range was 292–365

months' imprisonment. The Court thereafter sentenced defendant to 365 months' imprisonment, [DE 79], and defendant's conviction and sentence were affirmed on direct appeal by the Fourth Circuit Court of Appeals. [DE 86].

Defendant filed several motions seeking to correct alleged errors on his PSR under Federal Rule of Criminal Procedure 36. [DE 136 and 145; *see also* DE 122]. Defendant alleges that the PSR incorrectly held him accountable for "statutory rape." [DE 136 at 1–2]. Defendant also alleges that his guideline range of imprisonment was incorrectly calculated. [DE 122 at 3–4].

Upon the retirement of Senior Judge Fox, the matter was reassigned to the undersigned Judge on April 19, 2017.

## DISCUSSION

The Court finds defendant's motions to be without merit. While defendant's PSR initially recommended a 6-level enhancement because a victim was sexually exploited, defendant objected to that enhancement, and the Court sustained that objection. The PSR also noted that defendant was found not guilty of the four counts of aggravated sexual abuse with which he was charged, and defendant was not sentenced for any charge involving a sexual offense. Finally, petitioner's PSR does not include any allegation of statutory rape. Therefore, there is nothing in the PSR to correct.

As to defendant's second challenge alleging that his guideline range of imprisonment was incorrectly calculated, such a challenge must be raised on direct appeal or through a motion under 28 U.S.C. § 2255. Defendant's sentence and sentencing enhancements were affirmed on appeal, [DE 86], and defendant has already had one § 2255 motion rejected on the merits, [DE

2

101]. Therefore, this Court lacks jurisdiction over this claim and it must be denied. *See* 28 U.S.C. § 2255(h); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

## CONCLUSION

For the foregoing reasons, defendant's motion for extension of time [DE 146] is GRANTED and motions under Rule 36 [DE 136, 145] are DENIED.

SO ORDERED, this __1__ day of July, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE