IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CR-77-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANNY L. BLACKMON | ) | |

This cause comes before the Court on defendant Danny Blackmon's motion for copies without cost, motion to compel, and motion for leave to amend and expand the record to support his motion for an evidentiary hearing and appointment of counsel. [DE 160, 166, 167].

## BACKGROUND

On August 13, 2003, the Grand Jury returned a five-count indictment against Blackmon charging him with kidnapping and sexual assault. After trial, a jury found Blackmon guilty of kidnapping in violation of 18 U.S.C. § 1201. The Court thereafter sentenced Blackmon to 365 months' imprisonment, [DE 79], and Blackmon's conviction and sentence were affirmed on direct appeal by the Fourth Circuit Court of Appeals. [DE 86].

Blackmon has filed motions pursuant to 28 U.S.C. § 2255 as well as motions pursuant to Fed. R. Crim. P. 36. Those motions have been denied or dismissed. [DE 101; 124; 129; 134; 151]. The court of appeals has affirmed this Court or dismissed Blackmon's appeals. [DE 109; 157].

### Motion for copies

The government has noted its opposition to the motion for copies. [DE 165]. "[T]he Fourth Circuit requires indigent defendants to show a 'particularized need'" for requested documents prior to their being provided at government expense. *United States v. Holloman*, 2013 U.S. Dist. LEXIS 99748, *3 (E.D.N.C. Jul. 17, 2013); *see also* 28 U.S.C. § 753(f) (United States shall pay the fee for transcript where action under § 2255 has been certified not to be frivolous). An indigent

defendant is not entitled to a transcript at government expense in order to "merely [] comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). Blackmon's justification for receiving the requested documents at government expense is to file a motion for post-conviction relief, which is insufficient. Blackmon's motion requesting copies at no cost is denied.

Motion for discovery

Blackmon has also filed a motion for discovery under Rule 6 of the Rules Governing § 2255 Proceedings. As there is no § 2255 motion currently pending, this motion is denied without prejudice.

Rule 60(b) motion

Blackmon has attached to his motion for discovery what appears to be a motion for relief from judgment pursuant to Fed. R. Civ. P. 60. [DE 166-1]. The clerk is DIRECTED to file this document as a separate motion on the Court's docket.

In his Rule 60(b) affidavit, Blackmon contends that he is entitled to relief under Rule 60(b)(2) based on newly discovered evidence, and that all judgments previously entered in this case are void under Rule 60(b)(4). Blackmon also argues he is entitled to relief under Rule 60(b)(6). Blackmon seeks grant of an evidentiary hearing and appointment of counsel as well as discharge from his current conviction or an opportunity to plead anew with a sentence of time served.

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from final judgment under six enumerated circumstances, which include mistake or excusable neglect, newly discovered evidence, fraud or misrepresentation, judgment having become void, satisfaction of the judgment, or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

> Rule 60(b) applies to § 2255 proceedings, but only to the extent that it is not inconsistent with applicable statutory provisions and rules. Therefore, a Rule 60(b)

2

motion in a habeas proceeding that attacks the substance of the federal court's resolution of a claim on the merits is not a true Rule 60(b) motion, but rather a successive habeas petition. A successive habeas petition may not be filed in district court without preauthorization from a court of appeals under § 2244(b)(3)(A). A Rule 60(b) motion that challenges some defect in the integrity of the federal habeas proceedings, however, is a true Rule 60(b) motion, and is not subject to the preauthorization requirement.

*United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (internal alterations, quotations, and citations omitted).

Blackmon argues that newly discovered evidence of his incompetency to stand trial is a proper basis to reopen judgment in his § 2255 proceedings. Blackmon does not attack the validity of the prior § 2255 proceeding, but rather seeks to attack the validity of the prior criminal proceeding through newly discovered evidence. His Rule 60(b) motion, which seeks as relief vacatur of his conviction, is therefore properly re-characterized as a motion under § 2255. Because Blackmon's prior § 2255 motion was dismissed on the merits, he must first seek authorization from the court of appeals before he may proceed in this Court with a second or successive petition. *See United States v. Winestock*, 340 F.3d 200, 206–07 (4th Cir. 2003) ("a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence"); 28 U.S.C. § 2255(h) (appropriate court of appeals must certify a second or successive motion for filing). Blackmon need not be provided with notice of the Court's re-characterization of his motion as it has been construed as second or successive under § 2255(h). *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002); *United States v. Brown*, 132 Fed. App'x 430, 431 (4th Cir. 2005) (unpublished).

Accordingly, Blackmon's Rule 60(b) motion, re-characterized herein as a motion pursuant to 28 U.S.C. § 2255, is dismissed without prejudice.

3

<u>Motion for leave to amend and expand record</u>

As there is currently no substantive motion pending before this Court which would require review of the evidentiary record or the assistance of counsel, Blackmon's motion is denied without prejudice.

## CONCLUSION

For the foregoing reasons, Blackmon's motion for copies [DE 160] is DENIED, his motion to compel [DE 166] is DENIED WITHOUT PREJUDICE, and his motion for leave to amend [DE 167] is DENIED WITHOUT PREJUDICE.

Blackmon's Rule 60 motion for relief from judgment, [DE 166-1], recharacterized herein as a motion pursuant to 28 U.S.C. § 2255, is DISMISSED WITHOUT PREJUDICE.

SO ORDERED, this **30** day of May, 2018.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE