IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:03-CR-77-BO
No. 7:18-CV-127-BO

| | |
|---|---|
| DANNY L. BLACKMON,<br>    Petitioner, | )<br>)<br>) |
| v. | )     ORDER<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>)<br>) |

This cause comes before the Court on defendant Danny Blackmon's motion for discovery and motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. By order entered June 1, 2018, this Court denied without prejudice Blackmon's previously-filed motion for discovery and dismissed without prejudice his Rule 60(b) motion, which the Court construed as a second or successive motion under 28 U.S.C. § 2255. [DE 169]. Blackmon then filed the instant motion for discovery and noticed an appeal of the Court's 1 June 2018 order. [DE 169; 171]. The appeal remains pending. On July 16, 2018, Blackmon filed a motion to vacate under 28 U.S.C. § 2255 and a motion for leave to file a numerically second § 2255 petition. [DE 176; 177]. Blackmon also requests that this Court place his appeal in abeyance pending the outcome of the numerically second § 2255 petition.

First, this Court lacks the authority to place an appeal pending before the Fourth Circuit in abeyance. Second, this Court may not grant Blackmon leave to file a second or successive § 2255 petition. "Before a second or successive [section 2255 petition] is filed in the district court, the applicant shall move *in the appropriate court of appeals* for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(3)(A) (emphasis added); *see also* 28 U.S.C. § 2255(h). Blackmon argues that his § 2255 motion is numerically second but not successive based on the discovery of new facts or an unripe claim related to his competence to proceed to

trial. *See, e.g., Panetti v. Quarterman*, 551 U.S. 930, 944-47 (2007) (unripe claims not subject § 2244's second or successive bar). However, as Blackmon discusses in his § 2255 motion, his competency to proceed to trial was plainly at issue in the original proceedings; indeed, Blackmon has relied on the report prepared by a Bureau of Prisons examiner finding him *competent* to proceed in his current filings. *See* [DE 166-2]. The Court concludes that the issue of whether Blackmon was competent to proceed was ripe at the time he filed his first § 2255 motion, and therefore Blackmon must seek authorization from the court of appeals to file a second or successive petition based on what he claims is newly discovered evidence related to the issue of competency. *See* 28 U.S.C. §2255(h)(1).

## CONCLUSION

Accordingly, because this Court may not authorize the filing of a second or successive § 2255 petition, Blackmon's most recently-filed motion to vacate [DE 176] is DISMISSED without prejudice and his motion for leave to file [DE 177] is DENIED. As there is no pending motion before this Court which would require discovery, Blackmon's motion for discovery [DE 169] is also DENIED without prejudice.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of Blackmon's § 2255 motion debatable, a certificate of appealability is DENIED.

SO ORDERED, this __ day of July, 2018.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE